UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ACE AMERICAN INSURANCE
COMPANY,

        Plaintiff,

 v.

EATON ELECTRICAL, INC.,

        Defendant.

3:11-CV-01741 (CSH)

**ORDER ON DEFENDANT'S RENEWED MOTION TO COMPEL**

**HAIGHT**, Senior District Judge:

      Before the Court is Defendant Eaton Electrical Corporation's Motion to Compel [Doc. 34].[1] For the reasons stated below, Defendant's Motion to Compel is GRANTED.

      Defendant requests that the Court "compel production of documents removed from [P]laintiff's expert [Joseph Cristino]'s file or a privilege log identifying [the] same in compliance with Rule 26(b)(5) of the Federal Rules of Civil Procedure." [Doc. 34]. Plaintiff's counsel acknowledges that it "removed various documents from [Cristino's] file prior to his deposition," but claims that all documents that were removed are subject to a claim of privilege. *See* [Doc.

---

[1] Defendant filed its original Motion to Compel on February 27, 2013. [Doc. 34]. On October 4, 2013, the Court denied the motion as moot without prejudice to Defendant's ability to renew such motion. [Doc. 65]. Defendant filed a Motion for Reinstatement of its February 27, 2013 Motion to Compel, in relevant part, on October 14, 2013. [Doc. 66]. The Court granted this Motion for Reinstatement in a March 20, 2014 Order. [Doc. 68].

1

35] at 1. Plaintiff has provided a cursory privilege log regarding the documents which were removed from Cristino's file prior to Cristino's deposition, which the Court has thoroughly reviewed. [Doc. 35-1].

Pursuant to Fed. R. Civ. P. 26(b)(5), "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must ... describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A) and (A)(ii). The burden of establishing that privilege attaches to a particular piece of information lies with the party seeking to claim the privilege, here Plaintiff. *See In re Priceline.com Inc. Sec. Litig.*, 233 F.R.D. 92, 94 (D. Conn. 2005); *see also, e.g., U.S. v. International Broth. Of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO*, 119 F.3d 210, 214 (2d Cir. 1997) ("The burden of establishing the existence of [such a] privilege, in all elements, rests with the party asserting it.") A privilege log is thus intended to "assist the court and the parties in performing the careful analysis that a privilege or immunities evaluation demands," and consequently an attorney preparing a privilege log must "think about the merits of [any privilege] assertion before it is made" in order "to decide whether such a claim is truly appropriate." *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 47 (D. Conn. 2007).

Upon review, the Court finds that the privilege log at issue does not meet the requisite level of specificity. Plaintiff has claimed the same privilege – i.e., "privilege/attorney work product/trial prep" – for each of the 26 documents listed on the log; the specific bases for the

privilege claims for each of these 26 documents is unclear.  Moreover, a review of this privilege log and the truncated description of each document provided therein indicates that in many instances, at least one of the claimed privileges is inapplicable.  Plaintiff's brief descriptions of the withheld documents do not allow Defendant, or the Court, to assess the claimed privileges.

      Accordingly, and as requested in Defendant's Motion to Compel, Plaintiff is directed to submit and file a supplemental privilege log by Thursday, April 3, 2014.  This supplemental log must state with specificity the privilege or privileges claimed for each document listed therein; it must also provide information sufficient for the Court to assess each independent claim of privilege.  If, after a review of Plaintiff's supplemental privilege log, Defendant is so advised, Defendant may make a separate motion to compel the production of any documents listed therein.  Any such motion to compel must be filed by Defendant within fourteen days of Plaintiff's filing of the supplemental privilege log.

      It is SO ORDERED.

Dated:  New Haven, Connecticut
       March 20, 2014

                                   */s/ Charles S. Haight, Jr.*
                                   Charles S. Haight, Jr.
                                   Senior United States District Judge